**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | NO. |
| v. ) ) | |
| Evans and Son Blacktop, Inc, an Illinois corporation; ) ) ) ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"), Construction Industry Research and Service Trust Fund ("CRF"), and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant, Evans and Son Blacktop, Inc. ("Evans and Son").

## **COUNT I.    SUIT FOR DELINQUENT CONTRIBUTIONS**

### **Facts Common to All Counts**

1.      The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.     Defendant Evans and Son is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2).  It is a corporation engaged in the construction industry with its principal office in West Chicago, Illinois.

3.     Evans and Son identified Flem Evans as President (Exhibit A).

4.     On June 22, 2022, Evans and Son through its Vice President, Daniel Evans, signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Illinois Heavy, Highway and Underground Agreement District 1-2-3 (excerpts attached as Exhibit C).

5.     The CBA and the Agreements and Declarations of Trust incorporated therein require Evans and Son to make fringe benefit contributions to the Funds.  The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6.     The CBA and Trust Agreements specifically require Evans and Son to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)    Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)    Furnish to the Funds a bond in an amount acceptable to the Funds.

7.    The CBA also requires Evans and Sons to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Evans and Son with respect to CRF as it does the Funds.

8.    The CBA further requires Evans and Son to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Evans and Son does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9.    Evans and Son has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

### Jurisdiction and Venue

10.    This court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statue

11.    Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

### Allegations of Violations

12.    ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds.  Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14.     Evans and Son has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Evans and Son, there is a total of $32,107.33 known to be due the Funds from Evans and Son, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A.     Enter judgment in favor of the Funds and against Evans and Son for all unpaid contributions as identified in Evan and Sons' contribution reports;

B.     Enjoin Evans and Son to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.     Enjoin Evans and Son at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Evans and Son owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Evans and Son to pay any contributions reasonably estimated to be due by the Funds for the period

4

when Evans and Son failed and refused to timely submit contribution reports;

D.    Enter judgment against Evans and Son and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.    Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Evans and Son's cost.

## COUNT II.   SUIT TO COLLECT CRF CONTRIBUTIONS

1-15.    CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

17.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18.    Evans and Son has not submitted all of its contribution reports to CRF. Evans and Son has failed to make timely payment of all contributions acknowledged to be due according to Evans and Son's own contribution reports and the collective bargaining agreement, and Evans and Son has failed to pay interest and liquidated damages required by the CBA. Accordingly, Evans and Son is in breach of its obligations to the CRF under the CBA.

19.    That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Evans and Son, there is a total of $1,089.47 known to be due to CRF from Evans and Son subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.    Order Evans and Son to submit all delinquent monthly contribution reports;

B.    Enter judgment in favor of CRF and against Evans and Son for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Evans and Sons' failure to submit all contribution reports required by the CBA;

C.    Enjoin Evans and Son to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D.    Award CRF such further relief as may be deemed just and equitable by the Court, all at Evans and Sons' cost.

## COUNT III.  SUIT TO COLLECT UNION DUES

1-15.    The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.    This court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

17.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18.    Evans and Son has not submitted all of its dues reports to the Union.  Evans and Son has failed to make timely payment of all dues acknowledged to be due according to Evans and Son's own reports and the collective bargaining agreement.  Evans and Son is required to pay liquidated damages by the CBA.  Accordingly, Evans and Son is in breach of its obligations to the Union under the CBA.

19.     That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Evans and Son, there is a total of $973.12 known to be due to the Union from Evans and Son before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.     Order Evans and Son to submit all delinquent monthly dues reports;

B.     Enter judgment in favor of the Union and against Evans and Son for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Evans and Sons failed to submit all dues reports required by the CBA;

C.     Enjoin Evans and Son to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

D.     Award the Union such further relief as may be deemed just and equitable by the Court, all at Evans and Son's cost.

20.     That upon careful review of all records, and after application of any and all partial payments made by Evans and Son, there is a total of $34,169.92 known to be due the Funds, CRF, and the Union from Evans and Son, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Evans and Son owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, CRF, and the Union respectfully request that Court enter judgment against Evans and Son and in favor of the Funds, CRF, and the Union for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: September 22, 2025                                  Respectfully submitted,

                                                   By:    /s/ Brad H. Russell
                                                          One of the Attorneys for the Plaintiffs

Attorneys for Local 150:                           Attorney for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*          Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*          Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department                         Institute for Worker Welfare, P.C.
6140 Joliet Road                                   6141 Joliet Road
Countryside, IL  60525                             Countryside, IL  60525
Ph: (708) 579-6663                                 Ph: (708) 579-6663
Fx: (708) 588-1647                                 Fx: (708) 588-1647